### EMMA O. McCORMICK v
### WM. F. McCORMICK

Ohio Appeals, 2nd Dist, Franklin Co
No 1915. Decided July 17, 1930

Cowan, Adams & Jackson, Columbus, for Appellant.

Mooney, Bibbee & Edmonds, Columbus, for Appellee, Wm. F. McCormick.

**BY THE COURT**

The prayer of the amended petition is quite broad and asks for such further relief as may be equitable and proper in the premises.

The lower court seemed to treat this case merely as one for the assignment of dower.

We think the pleadings warrant a more liberal view of this case and that it should be disposed of as one in which the principal relief urged was the setting aside of the deed in question, insofar as the plaintiff's dower rights are concerned.

We have read with care the record in this case, which is brief, and have also considered the very exhaustive briefs which have been filed by counsel. We shall not attempt to discuss in detail the various authorities cited as we do not deem it necessary so to do. We can not escape the conclusion but that under the reasoning of the decision of our Supreme Court in the case of **Ward v. Ward, 63 Oh St 125**, that the transaction of Richard McCormick in conveying this real estate to his son without consideration and without knowledge or consent of his intended wife constituted at least a constructive fraud as against her and that she is entitled to have this deed set aside to the extent that it affects her dower rights by reason of such fraudulent conduct.

The syllabus in the case above quoted is as follows:

"A conveyance by a man who has entered into a contract of marriage, which subsequently takes place, of a portion of his land to his sons by a former marriage, without consideration other than love and affection, and without the knowledge or consent of his contemplated wife, is a fraud on her marital rights, and she, at his death, is entitled to dower therein."

As above stated, we can not escape the conclusion but that the record clearly shows that the conduct of Richard McCormick in making this conveyance resulted in at least a constructive fraud as against the plaintiff and that she is entitled to have this deed set aside insofar as her dower rights are concerned. We do not think the unreported decision in the case of **Umbaugh vs. Fast, 68, Oh St 672**, reverses or modifies the decision in the case of **Ward vs. Ward, 63 Oh St 125.**

This case comes into this court both on appeal and error.

We think the case is clearly appealable and will be disposed of upon the appeal case.

At the conclusion of the hearing of the lower court Emma McCormick asked leave to file a supplemental petition. The case being in this court on appeal we think such leave, if requested should now be granted. The supplemental petition may be filed and if any issue is raised thereon the case may be later called to the attention of the court.

Kunkle, PJ., Allread and Hornbeck,, JJ, concur.